748 A.2d 1129 (2000)
330 N.J. Super. 7
STATE of New Jersey, Plaintiff-Appellant.
v.
Joshua PIERRE, Defendant-Respondent.
State of New Jersey, Plaintiff-Appellant,
v.
Alvin Deveaux, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 2000.
Decided March 21, 2000.
Donald C. Campolo, Assistant Attorney General, Acting Essex County Prosecutor, for plaintiff-appellant (Joan E. Love, Special Deputy Attorney General, of counsel and on the brief).
Defendant-respondent Joshua Pierre did not file a brief on A-4033-98.
Ivelisse Torres, Public Defender, for defendant-respondent Alvin DeVeaux on A-4034-98 (Jacqueline E. Turner, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges STERN, KESTIN and WEFING.
The opinion of the court was delivered by WEFING, J.A.D.
The State of New Jersey appeals from the sentences imposed by the trial court upon Alvin DeVeaux and Joshua Pierre. Both appeals project the same issue and we consolidate them for purposes of this opinion.
Both defendants pled guilty to conspiracy to commit robbery (N.J.S.A. 2C:5-2) and robbery (N.J.S.A. 2C:15-1); in addition, defendant Pierre pled guilty to unlawful possession of a weapon (N.J.S.A. 2C:39-5d) and possession of a weapon for an unlawful purpose (N.J.S.A. 2C:39-4d). Both had been indicted for first degree robbery but the State agreed, as part of the plea bargain, to recommend that each be sentenced as a second degree offender. For DeVeaux, the State agreed to recommend *1130 a sentence of five years in prison, for Pierre, seven years.
While DeVeaux served as lookout, Pierre approached a man in the lobby of an apartment building and demanded money. Pierre held a small knife, wrapped in a T-shirt. His purpose in wrapping the knife in that manner, Pierre said when entering his guilty plea, was "to conceal the knife so thatlooked as if it was a gun." The knife, estimated at some three inches in length, had to be manually opened; it remained closed during the entire incident.
The State took the position that each defendant was subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and each defendant, when he pled guilty, reserved the right to contest that issue at sentencing.
At sentencing, after argument on that issue, the trial court agreed with defendants and ruled that the concealed knife used in this incident did not constitute a "deadly weapon" within the meaning of N.J.S.A. 2C:43-7.2d. The sole issue on appeal is whether the trial court erred and was required to impose the parole disqualifications of N.J.S.A. 2C:43-7.2 upon these defendants.
The trial court's conclusion that the concealed knife was not a deadly weapon within the purview of N.J.S.A. 2C:43-7.2d is in accord with recent decisions. See, e.g., State v. Burford, 163 N.J. 16, 746 A.2d 998 (2000) (defendant's use of a stolen automobile to elude police and his reckless striking of another automobile during the chase did not make the stolen automobile a deadly weapon under N.J.S.A. 2C:43-7.2d); State v. Grawe, 327 N.J.Super. 579, 744 A.2d 246 (App.Div.2000) (hammer used to break a display case during the course of a robbery not a deadly weapon for purposes of N.J.S.A. 2C:43-7.2d).
We affirm, substantially for the reasons expressed by Judge Harriet Klein in her written opinion, State v. Pierre, 329 N.J.Super. 588, 748 A.2d 654 (Law Div. 1999).