770 A.2d 1204 (2001)
339 N.J. Super. 10
STATE of New Jersey, Plaintiff-Appellant,
v.
Brian PAROLIN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 2001.
Decided April 2, 2001.
John Kaye, Monmouth County Prosecutor, for appellant (Mary R. Juliano, Assistant *1205 Prosecutor, of counsel and on the brief).
Waldman & Moriarty, attorneys for respondent (Andrew T. Walsh, on the brief).
Before Judges SKILLMAN, CONLEY and WECKER.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, applies to a sentence for second-degree possession of a weapon for an unlawful purpose if the conviction was based on conduct that involved the use or threat of immediate use of a deadly weapon.
Defendant was indicted for second-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(1), second-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-3a, terroristic threats, in violation of N.J.S.A. 2C:12-3a or 3b, and fourth-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(4). Defendant entered into a plea bargain under which he agreed to plead guilty to possession of a weapon for an unlawful purpose and fourth-degree aggravated assault, and the State agreed to dismiss the second-degree aggravated assault and terroristic threats charges. The State also agreed to recommend a five year term of imprisonment. Defendant stipulated that the Graves Act, N.J.S.A. 2C:43-6c, would apply to his sentences for both offenses. In addition, the State reserved the right to argue that NERA was applicable to defendant's sentence for possession of a weapon for an unlawful purpose.
At the plea hearing, defendant admitted that he had pointed a loaded gun at the victim. Defendant stated that his purpose in brandishing the gun was to scare the victim so she would get out of his house. Defendant also admitted that after the victim left the house, he fired the gun, the bullet ricocheted off the pavement, and either the bullet or a piece of pavement became lodged in the victim's leg.
At sentencing, neither the State nor defendant offered any evidence, in addition to defendant's version of the offense provided at the time of his plea, relating to imposition of a NERA parole disqualifier. The trial court refused to impose a NERA sentence, concluding that under our decision in State v. Johnson, 325 N.J.Super. 78, 89-90, 737 A.2d 1140 (App.Div.1999), aff'd on other grounds, 166 N.J. 523, 766 A.2d 1126 (2001), a purely possessory offense, such as possession of a weapon for an unlawful purpose, does not qualify for NERA sentencing. The court then sentenced defendant in accordance with the Graves Act to a five year term of imprisonment, with three years of parole ineligibility, for possession of a weapon for an unlawful purpose, and a concurrent eighteen month term without parole eligibility for aggravated assault.
The State appeals from the trial court's determination that NERA does not apply to defendant's sentence. Defendant's answering brief argues that the State has no right to appeal. In the alternative, defendant argues that the trial court correctly concluded that NERA does not apply to his sentence.
We conclude that the State may appeal a sentence on the ground that the trial court failed to impose the period of parole ineligibility mandated by NERA. We also conclude that the trial court correctly held *1206 that NERA does not apply to defendant's sentence for possession of a weapon for an unlawful purpose.

I
Initially, we consider defendant's argument that the State has no right to appeal the trial court's ruling that NERA does not apply to his sentence.
It is firmly established that a court may correct an illegal sentence at any time, even if such corrective action results in an increase in a defendant's term of imprisonment. State v. Horton, 331 N.J.Super. 92, 97-102, 751 A.2d 141 (App. Div.2000); State v. Baker, 270 N.J.Super. 55, 74-76, 636 A.2d 553 (App.Div.), aff'd o.b., 138 N.J. 89, 648 A.2d 1127 (1994). A corollary of this principle is that the State may appeal an illegal sentence without express authorization in the criminal code or rules of court. State v. Sheppard, 125 N.J.Super. 332, 336-39, 310 A.2d 731 (App.Div.), certif. denied, 64 N.J. 318, 315 A.2d 407 (1973); see also State v. Mercadante, 299 N.J.Super. 522, 529, 691 A.2d 819 (App.Div.), certif. denied, 150 N.J. 26, 695 A.2d 668 (1997); State v. Eigenmann, 280 N.J.Super. 331, 337-38, 347-48, 655 A.2d 452 (App.Div.1995); State v. Leslie, 269 N.J.Super. 78, 86, 634 A.2d 572 (App. Div.1993), certif. denied, 136 N.J. 29, 641 A.2d 1040 (1994).
If NERA applies to a sentence, the imposition of a parole ineligibility period of 85% of the sentence is mandatory. N.J.S.A. 2C:43-7.2a. Thus, a sentence that fails to include this mandatory parole ineligibility period is an illegal sentence, which the State may appeal to correct the illegality. In fact, the Supreme Court and this court have entertained appeals from trial court refusals to impose NERA parole ineligibility terms on a number of occasions without raising any question concerning the State's right to appeal. See, e.g., State v. Thomas, 166 N.J. 560, 767 A.2d 459 (2001); State v. Pierre, 330 N.J.Super. 7, 748 A.2d 1129 (App.Div. 2000); State v. Grawe, 327 N.J.Super. 579, 744 A.2d 246 (App.Div.), certif. denied, 164 N.J. 560, 753 A.2d 1152 (2000). Therefore, the State may appeal the sentence imposed upon defendant on the ground that the trial court failed to impose the parole ineligibility period mandated by NERA.

II
NERA provides in pertinent part:
A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole if the crime is a violent crime....
For the purposes of this section, "violent crime" means any crime in which the actor causes death, causes serious bodily injury ..., or uses or threatens the immediate use of a deadly weapon....

[N.J.S.A. 2C:43-7.2a, d.]
In State v. Johnson, supra, 325 N.J.Super. at 89-90, 737 A.2d 1140, a panel of this court held that possession of a weapon for an unlawful purpose is not a "violent crime" within the intent of NERA.[1] After quoting the definition of "violent *1207 crime" set forth in N.J.S.A. 2C:43-7.2, the panel said:
We think it plain that a purely possessory crime does not meet this definition. One cannot by mere possession with an unlawful purpose be deemed to have actually caused either death or serious bodily injury or used or threatened the immediate use of a deadly weapon. These are certainly elements of the robberies for which defendant was indicted and, certainly, threat of use of a deadly weapon was an element of the robbery of which defendant was convicted. But they are not elements of the purely possessory crime. A defendant must do more than have the intent to use the weapon unlawfully against the person of another before he meets the statutory definition of a violent criminal.

[Ibid.]
However, in State v. Williams, 333 N.J.Super. 356, 361, 755 A.2d 1168 (App. Div.2000), another panel of this court held that if the evidence presented at trial shows that the defendant in fact used or threatened the use of a deadly weapon, a NERA sentence may be imposed for possession of a weapon for an unlawful purpose even though use or threatening the immediate use of a deadly weapon is not an element of the offense:
[Defendant] brandished the gun on a public street and fired it in the direction of others contemporaneous with a verbal threat to kill. Pedestrians and bystanders, including a small child, were placed in danger by defendant's use of the firearm. In this factual setting we hold that the sentencing judge properly considered facts beyond those limited to proof of the elements of the predicate crime in determining that the offense was a "violent crime" under NERA.
... We hold that the possessory offense of unlawful possession of a firearm is not excluded from the imposition of a NERA sentence under all circumstances. The sentencing judge may evaluate the factual circumstances to determine whether the defendant's actions constituted a "violent crime" under NERA.
In State v. Mosley, 335 N.J.Super. 144, 761 A.2d 130 (App.Div.2000), certif. denied, ___ N.J. ___, ___ A.2d ___ (2001), Judge Pressler, the author of our opinion in Johnson, expanded upon the conceptual underpinning of Johnson's holding that a purely possessory crime does not qualify for NERA sentencing:
[NERA] does not address the circumstances surrounding the commission of a crime, i.e., firearm possession or use, but, rather, particularly well-defined, well-understood and statutorily defined elements of a crime. Thus, as section d. defines it, a NERA crime is one in which the actor (1) causes death, or (2) causes serious bodily injury as defined by N.J.S.A. 2C:11-1b, or (3) uses or threatens the immediate use of a deadly weapon, or (4) uses or threatens the immediate use of physical force in committing an aggravated sexual assault or sexual assault....
It is immediately apparent that each of [the] NERA conditions is a customary first-or second-degree crime element. Causing death is, of course, an essential *1208 element of the criminal homicide crimes defined by N.J.S.A. 2C:11-3 (murder), N.J.S.A. 2C:11-4 (manslaughter), and N.J.S.A. 2C:11-5 (vehicular homicide). Serious bodily injury is, illustratively, an essential statutory element of N.J.S.A. 2C:12-1b (aggravated assault), and N.J.S.A. 2C:15-1b (first-degree robbery). Use or immediately threatened use of a deadly weapon is, illustratively, an essential statutory element of N.J.S.A. 2C:12-1b(2) (aggravated assault) and N.J.S.A. 2C:15-1b (first-degree robbery). And use or threat of immediate use of physical force is an element of aggravated sexual assault as defined by N.J.S.A. 2C:14-2a(6) and of sexual assault as defined by N.J.S.A. 2C:14-2c(1).
... In the case of NERA offenses, there is already a statutory crime to fit the punishment intended by NERA. That is to say, if a predicate fact of NERA sentencing exists, it will also inevitably constitute or be encompassed by an element of a crime with whose commission defendant may be charged. By the same token, it would appear that if the crime of which defendant is charged and convicted does not include an element constituting or encompassing a NERA predicate fact, that crime, by definition, is not a violent crime within NERA's intendment.

[Id. at 151-52, 761 A.2d 130.]
Applying this rationale, the court in Mosley concluded that the defendant, who had pled guilty to first-degree aggravated sexual assault, in violation of N.J.S.A. 2C:14-2a(1), the elements of which are an "act of sexual penetration" and a victim who was "less than 13 years old," was not subject to a NERA sentence, because none of the elements of this offense "is a counterpart to or inclusive of a NERA predicate fact." Id. at 159, 761 A.2d 130. Instead, the "gravamen" of this offense is "only the age of the victim." Id. at 158, 761 A.2d 130.
Subsequent to Mosley, the Supreme Court decided State v. Thomas, supra, 166 N.J. at 563, 767 A.2d 459, which involved the application of NERA to a conviction based on a guilty plea to a charge of second-degree sexual assault, in violation of N.J.S.A. 2C:14-2b, the elements of which are "an act of sexual contact," a victim who was "less than 13 years old" and "[an] actor ... [who was] at least four years older than the victim." Thus, as in Mosley, none of the elements of the crime involved in Thomas was "a counterpart to or inclusive of a NERA predicate fact." Mosley, supra, 335 N.J.Super. at 159, 761 A.2d 130. Nevertheless, the Court held that even though "none of the NERA factors is an element of the offense charged," a NERA sentence can be imposed if there is "additional proof of a NERA factor." 166 N.J. at 563, 767 A.2d 459; see also id. at 572, 767 A.2d 459 ("Those aggravated sexual assaults and sexual assaults that do not contain a NERA factor as a constituent element of the offense can be brought within the scope of NERA only upon additional proof of a NERA factor ."). Applying this rationale, the Court in Thomas affirmed a sentence that did not include the 85% parole ineligibility period mandated by NERA, but only because the trial court had correctly found that "there was nothing in defendant's factual statement supporting his guilty plea that demonstrated an independent act of force or threat of force against the victim." Id. at 564, 767 A.2d 459.
We are unable to reconcile Mosley's holding that "if the crime of which defendant is charged and convicted does not *1209 include an element constituting or encompassing a NERA predicate fact, that crime, by definition, is not a violent crime within NERA's intendment[,]" 335 N.J.Super. at 152, 761 A.2d 130, with Thomas' holding that even though "none of the NERA factors is an element of the offense charged," a NERA sentence may be imposed if there is "additional proof of a NERA factor." 166 N.J. at 563, 767 A.2d 459. Thus, under Thomas, a defendant convicted of sexual assault or aggravated sexual assault predicated solely on the victim's age, or the ages of both the victim and the defendant, is subject to a NERA sentence if there is "additional proof" of "physical force" or another NERA factor.
The issue presented by this appeal is whether a conviction for possession of a weapon for an unlawful purpose may similarly qualify for NERA sentencing if there is "additional proof" that the conduct upon which the conviction is based involved "use[ ] or [a] threat [of] the immediate use of a deadly weapon," N.J.S.A. 2C:43-7.2d, or another NERA factor. The Supreme Court has characterized possession of a weapon for unlawful purpose as an "inchoate offense" similar to "attempt, conspiracy and criminal solicitation." State v. Harmon, 104 N.J. 189, 203, 516 A.2d 1047 (1986). Thomas does not indicate that the State would be foreclosed from presenting "additional proof of a NERA factor," 166 N.J. at 563, 767 A.2d 459, simply because the offense involved is inchoate in nature.
However, subsequent to Thomas, the Supreme Court summarily reversed our decision in Williams which held that "facts beyond those limited to proof of the elements of [possession of a weapon for an unlawful purpose may be considered] in determining that the offense was a `violent crime' under NERA," 333 N.J.Super. at 361, 755 A.2d 1168. State v. Williams, ___ N.J. ___, ___ A.2d ___ (2001). The Court's summary reversal order included a citation to its opinion in Johnson. Ibid. But as previously noted, supra note 1, the Supreme Court did not review the part of our opinion in Johnson which held that possession of a weapon for an unlawful purpose is not a "violent crime" within the intent of NERA. In affirming Johnson, the Court reviewed only the part of our decision which affirmed the imposition of a NERA sentence for armed robbery, and the Court's primary holding was that the determination that a crime is "violent" for the purpose of imposing the 85% parole ineligibility mandated by NERA must be made by a jury. 166 N.J. at 539-45, 766 A.2d 1126.
In Williams, the determination that the defendant's possession of a weapon for an unlawful purpose subjected him to a NERA sentence was made by the trial judge. 333 N.J.Super. at 357, 755 A.2d 1168. Consequently, applying Johnson, the NERA sentence in Williams could have been reversed solely on the ground that the finding that defendant's unlawful possession of a weapon met the NERA standard of a violent crime had not been made by a jury. However, the Court not only reversed the NERA sentence in Williams but also remanded with a direction that the defendant be resentenced "without reference to [NERA]." ___ N.J. at ___, ___ A.2d ___. If the summary reversal in Williams had been based solely on the fact that the trial judge rather than a jury had made the NERA finding, it would seem that the appropriate disposition would have been a remand for a hearing before a jury to determine whether the *1210 defendant's conduct qualified for a NERA sentence. Although Johnson does not expressly state that if the NERA predicate fact was not presented to the jury which found a defendant guilty, that fact must be presented to a specially constituted sentencing jury, that is the implication of the opinion. In fact, in explaining why its holding would not apply to cases in which the right to have a jury determine the existence of a NERA predicate fact was raised for the first time in a petition for post-conviction relief, the Court said:
In the vast majority of those cases, a jury deliberation on the violent crime issue would not be likely to produce a result different from the challenged court finding, and the original sentences would be reaffirmed.

[166 N.J. at 547, 766 A.2d 1126.]
See also State v. Shoats, 339 N.J.Super. 359, 370, 772 A.2d 1 (App.Div.2001). Thus, the Court implied that if a case on direct appeal, which is governed by Johnson's holding, 166 N.J. at 549, 766 A.2d 1126, is reversed because the trial judge rather than a jury made the finding of the NERA predicate fact, the appropriate disposition would be a remand for a hearing on this issue before a jury. But cf. State v. Stanton, 339 N.J.Super. 1, 9, 770 A.2d 1198 (App.Div.2001). Therefore, the failure to make that disposition in Williams indicates that the Court concluded a NERA sentence was inappropriate in that case, regardless of whether the determination was made by the trial judge or a jury.
Moreover, the conclusion that NERA does not apply to a conviction for the possession for an unlawful purpose involved in Williams is supported by the Court's discussion of the policy underlying NERA. In Thomas, the Court concluded that the legislative intent in enacting NERA was to impose a mandatary period of parole ineligibility of 85% of the sentence upon only the most violent first- and second-degree offenders:
[T]he legislative history indicates that the primary purpose to be advanced by NERA was to enhance the punishment for the most violent criminals in society. The impetus behind enacting NERA was not for all first- and second-degree criminals to serve 85% of their base-sentences, but that only those who are deemed to be the most violent in society should face a NERA sentence.

[166 N.J. at 570, 767 A.2d 459.]
The factual circumstances of the offenses committed by Williams would not provide a basis for classifying him as among "the most violent criminals in society." The NERA sentence in Williams was predicated on the defendant brandishing a gun on a public street and firing it in the direction of others with a threat to kill. 333 N.J.Super. at 361, 755 A.2d 1168. Such use of a gun could support a conviction for terroristic threats, which is a third-degree offense, N.J.S.A. 2C:12-3, or aggravated assault, in violation of N.J.S.A. 2C:12-1b(4) ("Knowingly under circumstances manifesting extreme indifference to the value of human life point[ing] a firearm ... at or in the direction of another"), which is a fourth degree offense. N.J.S.A. 2C:12-1b. Thus, the predicate facts the State relied upon to justify the NERA sentence in Williams would be sufficient to prove only third- and fourth-degree offenses, and NERA applies solely to first- and second-degree offenses. N.J.S.A. 2C:43-7.2a. To be sure, possession *1211 of a weapon for an unlawful purpose is a second-degree offense. N.J.S.A. 2C:39-4a. However, it would be difficult to reconcile the imposition of a NERA sentence upon a person whose only purpose in possessing a weapon was the commission of a third- or fourth-degree offense with the Legislature's intent to limit NERA sentences to "the most violent criminals in society." Thomas, supra, 166 N.J. at 570, 767 A.2d 459. Therefore, we conclude that if a defendant's only unlawful purpose in possessing a weapon is the commission of a third- or fourth-degree offense, a conviction for the preparatory offense of possession of a weapon for an unlawful purpose cannot provide the foundation for a NERA sentence.[2]
In this case, defendant's brandishing of a gun at the victim was sufficient to support a conviction for fourth-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(4), which was the other offense to which defendant pled guilty, and also may have been sufficient to support a conviction for third degree terroristic threats, in violation of N.J.S.A. 2C:12-3. In addition, defendant's firing of the weapon and infliction of injury upon the victim from a ricocheting bullet or piece of pavement could support a conviction for aggravated assault, in violation of N.J.S.A. 2C:12-1b(3) ("Recklessly causes bodily injury to another with a deadly weapon"), which is a fourth-degree offense. N.J.S.A. 2C:12-1b. However, the factual basis defendant provided for his guilty plea would not support a conviction for a violation of N.J.S.A. 2C:12-1b(1) ("Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury"), which is the only form of aggravated assault not involving use of a motor vehicle that constitutes a second-degree offense, N.J.S.A. 2C:12-1b, because there was no evidence the victim suffered a "serious bodily injury" and defendant's plea would not provide a sufficient foundation for finding that he had the purpose to inflict serious bodily injury. Accordingly, the trial court correctly concluded that NERA does not apply to defendant's sentence for possession of a weapon for an unlawful purpose.
Affirmed.
NOTES
[1] The Supreme Court recently affirmed, as modified, other parts of this court's decision in Johnson. State v. Johnson, 166 N.J. 523, 766 A.2d 1126 (2001). However, because the grant of certification was limited to defendant's constitutional challenges to NERA, 163 N.J. 393, 749 A.2d 367 (2000), the Court did not consider the part of our decision which held that a NERA sentence may not be imposed for possession of a weapon for an unlawful purpose.
[2] We express no opinion as to whether a NERA sentence would be required if the evidence showed that a defendant's unlawful purpose in possessing a weapon was the commission of a first- or second-degree offense.