770 A.2d 1198 (2001)
339 N.J. Super. 1
STATE of New Jersey, Plaintiff-Respondent,
v.
Traci E. STANTON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 2001.
Decided April 2, 2001.
*1199 Linda Mehling, Assistant Deputy Public Defender, argued the cause for appellant (Peter A. Garcia, Acting Public Defender, attorney; Ms. Mehling, of counsel and on the brief).
Jordana Jakubovic, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Ms. Jakubovic, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
The issue before us is whether the imposition of a mandatory minimum sentence on a conviction of the second-degree crime of vehicular homicide, N.J.S.A. 2C:11-5, is governed by the Supreme Court's ruling in State v. Johnson, 166 N.J. 523, 766 A.2d 1126 (2001). That is to say, N.J.S.A. 2C:11-5b(1) requires the imposition of a parole ineligibility term of no less than three years if the defendant was driving under the influence of alcohol or drugs at the time of the offense. The question is whether the fact of intoxication must be found by a jury beyond a reasonable doubt as Johnson requires with respect to the predicate fact mandating sentencing under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, or whether the fact of intoxication may be found by the court under a preponderance standard as provided by N.J.S.A. 2C:11-5b(2). Because we are unable to distinguish conceptually between the parole ineligibility term imposed by NERA and that required by the vehicular homicide statute, we hold that the fact mandating parole ineligibility on a conviction of vehicular homicide must be found by the jury beyond a reasonable doubt in accordance with State v. Johnson, supra, 166 N.J. 523, 766 A.2d 1126. Accordingly, we vacate the parole ineligibility term here imposed.
Following a trial by jury, defendant Traci E. Stanton was convicted of second-degree vehicular homicide. The offense is defined as a death by auto or vessel caused by reckless driving. N.J.S.A. 2C:11-5a. There is no doubt that the evidence before the jury was adequate to prove each element of the charge beyond a reasonable doubt. Defendant was the driver, and her passenger was killed in this one-car accident, described by the trial judge as follows:
... the motor vehicle was traveling in excess of posted limits [approaching a curve], ... the motor vehicle left the roadway, proceeded some 14 feet into a tree, struck the tree, flipped over onto *1200 the roof, and then traveled for many yards along the roadway.
As to recklessness, the evidence before the jury permitted it to find that element of the offense by reason of the speed with which defendant was driving or her intoxication or a combination of both. Its guilty verdict, which did not specify the basis of its recklessness finding, was therefore inconclusive as to defendant's intoxication.
Immediately following the return of the verdict, the judge addressed the related motor vehicle violations with which defendant had been charged. See State v. DeLuca, 108 N.J. 98, 111, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987). Summonses had been issued charging her with driving while intoxicated, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; consumption of alcohol while driving, N.J.S.A. 39:4-51a; and failure to wear a seat belt, N.J.S.A. 39:3-76.2j. Because of the evident interplay between the charge of driving while intoxicated and the mandatory minimum term required by N.J.S.A. 2C:11-5b(1), the judge decided to reserve trial on the drunk-driving charge until sentencing on the vehicular homicide charge. She then proceeded to find defendant guilty of the remaining motor vehicle charges.
On the day fixed for sentencing, the court first addressed the motor vehicle offense of driving under the influence. Relying on the evidence adduced at trial, the judge found beyond a reasonable doubt that defendant was guilty of that offense. The judge then considered and denied defendant's motion for a new trial. At that point, the prosecutor addressed the court with respect to its obligation under N.J.S.A. 2C:11-5b(2). As we have noted, N.J.S.A. 2C:11-5b(1) requires the imposition of a minimum parole ineligibility period of three years if a defendant convicted of vehicular homicide was driving under the influence of alcohol as defined by N.J.S.A. 39:4-50. N.J.S.A. 2C:11-5b(2) provides in relevant part as follows:
The court shall not impose a mandatory sentence pursuant to paragraph (1) of this subsection unless the grounds therefor have been established at a hearing. At the hearing, which may occur at the time of sentencing, the prosecutor shall establish by a preponderance of the evidence that the defendant was operating the auto or vessel while under the influence of any intoxicating liquor....
The prosecutor thus took the position that the court had no discretion to withhold imposition of the minimum mandatory sentence. The prosecutor also argued that the circumstances did not warrant a downgrading for sentencing purposes of the second-degree crime pursuant to N.J.S.A. 2C:44-1f(2). The court then concluded that based on its finding that defendant was guilty of the motor vehicle offense of driving while intoxicated, it was obliged to impose the three-year parole ineligibility term mandated by statute. The court elected, however, to sentence defendant as for a third-degree crime, imposing a three-year minimum base term subject to three years of parole ineligibility, together with required fines and penalties on the vehicular homicide conviction as well as the minimum fines and penalties required on the motor vehicle convictions. The State has not cross-appealed from the N.J.S.A. 2C:44-1f(2) sentencing although that section of the Criminal Code expressly authorizes such an appeal. See also R. 2:3-1b(6).
In appealing from the judgment of conviction, defendant challenges the verdict of guilt by raising the following issues:
*1201 I. THE INSTRUCTION DEFINING THE ELEMENT OF RECKLESSNESS IN THE CRIME OF VEHICULAR HOMICIDE WAS FATALLY FLAWED BECAUSE IT WAS CONFUSING AND CONTRADICTORY AND FAILED TO ACCURATELY REFLECT THE LAW. (Not raised below)
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN PERMITTING OFFICER DOUGHERTY TO GIVE HIS LAY OPINIONS THAT THE CAR WAS TRAVELING AT LEAST 65 MILES PER HOUR AND THAT THE STEERING WHEEL WOULD HAVE BEEN BENT OR BROKEN IF THE VICTIM'S CHEST HAD STRUCK IT. (Partially raised below)
III. THE DEFENDANT'S RIGHT TO PRESENT A DEFENSE AND TO A FAIR TRIAL WERE VIOLATED BY THE ERRONEOUS EXCLUSION OF RELEVANT EXCULPATORY EVIDENCE.
A. Improper Exclusion of the Defense Expert's Opinion, Based Upon the Testimony Regarding Ms. Stanton's Alcohol Consumption, That She Was Not Intoxicated When the Accident Occurred.
B. Improper Exclusion of Evidence That Defendant's Blood Was Negative For Drugs.
IV. THE PROSECUTOR'S CROSS-EXAMINATION OF TRACI STANTON CONCERNING HER FAILURE TO TELL THE POLICE THAT THE DECEDENT HAD BEEN DRIVING THE CAR ON THE EVENING OF THE ACCIDENT VIOLATED HER RIGHT TO REMAIN SILENT AND DEPRIVED HER OF HER CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL. U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10. (Not raised below)
We have considered each of these issues in light of the record, the applicable law, and the arguments of counsel and we are satisfied that none of these arguments have sufficient merit to warrant disposition by written discussion. R. 2:11-3(e)(2). Certainly, as to the issues not raised in the trial court, there was no plain error. R. 2:10-1.
The final point defendant raises is that the three-year mandatory minimum sentence was unconstitutionally imposed because the fact of her intoxication had not been decided by a jury. We agree.
In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that if a statutorily prescribed sentence or sentencing range for a specific crime is also, by statute, required to be enhanced by the finding of a corollary fact that is not a necessary element of that crime, that fact must be found by the jury beyond a reasonable doubt. That ruling was applied by State v. Johnson, supra, 166 N.J. 544-545, 766 A.2d 1126, to NERA, the New Jersey Supreme Court holding that as a matter of constitutional imperative, "the factual predicate for a NERA sentence must be found by a jury under the `beyond a reasonable doubt' standard." We understand that a so-called NERA sentence, which requires the defendant to serve eighty-five percent of the base term imposed if he is found to have committed a violent crime as defined *1202 by NERA, is not an enhanced sentence in the sense that it exceeds the statutory maximum for the crime itself. But, as Johnson explains, a NERA sentence nevertheless does constitute additional punishment because of its imposition of increased real time. State v. Johnson, supra, 166 N.J. at 541-542, 766 A.2d 1126. In any event, we are, of course, bound by Johnson's reading of Apprendi, and as we understand Johnson, even though it was directly addressing only NERA, its underlying holding is not subject to doubt. In sum, as we view Johnson, it holds that if imposition of a statutorily mandated parole ineligibility term is based on the existence of a fact other than a record of a prior conviction, then, as a matter of the imperatives of the Fifth and Sixth Amendments, that fact must be found by a jury beyond a reasonable doubt. Thus, if that fact is not a discrete element of the offense which the jury must find in order to convict, then it must be submitted to the jury for its determination. Nor do we read the Johnson rationale as dependent upon the quantum of the parole ineligibility term that NERA requires. The Johnson holding, as we understand it, applies to every statute imposing a mandatory parole ineligibility term because of the capacity of that term to increase real time.
We appreciate that there is a textual difference between N.J.S.A. 2C:11-5b(2) and the corresponding NERA provision, N.J.S.A. 2C:43-7.2. NERA omits any reference to the standard of proof necessary to establish the parole-ineligibility fact, and it does not say whether the fact-finder is the judge or jury. N.J.S.A. 2C:11-5b(2), on the other hand, specifies that the finding must only meet the preponderance of the evidence standard and provides that the finding must be made by the "court" presumably the judge. But we are convinced that if constitutional principles require the NERA provision to be read as mandating a jury finding of the NERA predicate fact beyond a reasonable doubt in order for that statute to survive constitutional challenge, then, by the same token, N.J.S.A. 2C:11-5b(2) can survive constitutional challenge only if it is read in the same way.
It is well-settled that a court may have recourse to what is commonly known as judicial surgery in order to sustain a statute of doubtful constitutionality. See, e.g., Hamilton Amusement Center v. Verniero, 156 N.J. 254, 280, 716 A.2d 1137 (1998), cert. denied, 527 U.S. 1021, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999); Binkowski v. State, 322 N.J.Super. 359, 378, 731 A.2d 64 (App.Div.1999). The justification for judicial surgery rests upon an assumption that the Legislature intended to act in a constitutional manner, imposing upon the judiciary the obligation to construe legislation, if it can, so that the legislative intent is preserved while at the same time the constitutional defect is obviatedeven if achievement of that goal requires the excision of the constitutional defect or the engrafting of a constitutional imperative. Hamilton Amusement Center v. Verniero, supra, 156 N.J. at 280, 716 A.2d 1137.
We are persuaded that in order to sustain the constitutionality of N.J.S.A. 2C:11-5b(2), it must be interpreted consistently with Johnson, that is, that the parole-ineligibility fact must be found beyond a reasonable doubt by the jury. That can only be done by excising therefrom the references to the preponderance standard and the court's findings and then construing the excised statute as Johnson construed NERA. We are, moreover, convinced that such a result is patently in greater harmony with the legislative intent *1203 than a declaration of unconstitutionality would be.
Applying our reading of N.J.S.A. 2C:11-5b(2) to this appeal, it is first apparent that although the finding of intoxication was not made by the jury, it was made by the judge pursuant to the reasonable doubt standard despite the preponderance standard stated by the statute. That is so because under State v. DeLuca, supra, 108 N.J. 98, 527 A.2d 1355, the trial judge was required to try the motor vehicle offense of driving while intoxicated after the return of the jury verdict on vehicular homicide, and guilt of the motor vehicle offense requires each element thereof, including intoxication as defined by N.J.S.A. 39:4-50, to be found beyond a reasonable doubt. See, e.g., State v. Widmaier, 157 N.J. 475, 485, 724 A.2d 241 (1999).
We have considered the State's argument that because intoxication is identically defined in both the parole-ineligibility provisions of N.J.S.A. 2C:11-5b and as an element of the offense of driving under the influence, and because the finding of intoxication here was therefore made pursuant to the reasonable-doubt standard, the lack of a jury finding of intoxication should be regarded as harmless error. We cannot agree. The fact that the judge found intoxication beyond a reasonable doubt does not mean that the jury either did or would have since it was free to attribute the fatal accident to speeding alone and there was evidence on which it could have found that defendant was not intoxicated. Consequently the constitutional guaranty of trial by jury to which Johnson entitles a defendant before a mandatory parole ineligibility term may be imposed was denied here since the jury verdict is not construable as having included a finding of the parole-ineligibility fact. Denial of a right to jury can never be harmless error.
We regard the possibility of inconsistent verdicts as illusory. If a defendant, as here, is charged with both vehicular homicide and the Title 39 offense of driving under the influence, the specific fact of intoxication must, as we hold here, be submitted to the jury. If the jury finds intoxication, there is no reason why the judge should not be bound by that finding in then adjudicating the motor vehicle offense.[1] If, on the other hand, the jury declines to find intoxication, then, as expressly required by State v. DeLuca, supra, 108 N.J. at 111, 527 A.2d 1355, the judge must acquit defendant of the motor vehicle charge.
Although we are satisfied that there was no reversible error attending the jury verdict of guilt of vehicular homicide, we conclude that the failure of the jury to have found intoxication requires the vacation of the parole ineligibility term.
We remand to the trial court for modification of the judgment of conviction to vacate the parole ineligibility term. In all other respects the judgment of conviction is affirmed.
NOTES
[1] We note that the issue of merger of the indictable crime and the motor vehicle offense was not raised. We are, however, satisfied that merger would be inappropriate since intoxication was not the only evidence of recklessness presented to the jury. See State v. DeLuca, supra, 108 N.J. at 108-110, 527 A.2d 1355.