839 A.2d 903

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ANTHONY PETRUCCI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 1, 2001—Decided July 20, 2001—Remanded by
Supreme Court April 28, 2003—Reargued October 21,
2003—Decided January 5, 2004.

Before Judges SKILLMAN, COBURN and WELLS.

*Robin Kay Lord* argued the cause for appellant.

*Jeanne Screen,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General, attorney; *Ms. Screen,* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

This appeal is before us for the second time. In our first opinion, we held that the definition of "assault firearm" in the assault firearms statute, which requires imposition of a ten-year parole ineligibility period upon a defendant convicted of possession of an "assault firearm with the intent to use it against the person of another[,]" *N.J.S.A.* 2C:43–6g, is not unconstitutionally vague. *State v. Petrucci,* 343 *N.J.Super.* 536, 544–47, 779 *A.*2d 429 (App.Div.2001). In addition, we concluded that defendant's own account of the offense in his guilty plea showed that his intent in possessing the alleged assault firearm was to use it unlawfully against the person of another. *Id.* at 543–44, 548, 779 *A.*2d 429. However, we also concluded that under the rationale of the Supreme Court's opinion in *State v. Johnson,* 166 *N.J.* 523, 766 *A.*2d 1126 (2001) and this court's opinion in *State v. Stanton,* 339 *N.J.Super.* 1, 770 *A.*2d 1198 (App.Div.2001), defendant was entitled to have a jury determine whether the firearm he possessed was an "assault firearm" within the intent of the assault firearms statute. *Id.* at 548–551, 770 *A.*2d 1198.

After issuance of our first opinion, the Supreme Court reversed this court's decision in *Stanton. State v. Stanton,* 176 *N.J.* 75, 820 *A.*2d 637 (2003). Shortly thereafter, the Court granted the State's petition for certification in this case and summarily remanded "for reconsideration in light of" *Stanton. State v. Petrucci,* 176 *N.J.* 277, 822 *A.*2d 607 (2003). Because *Stanton* deals solely with the circumstances under which a defendant is entitled to have a jury determine a sentence enhancement factor, the Supreme Court mandate remanding this case to us is limited to reconsideration of our conclusion that defendant is entitled to have a jury determine whether the firearm he possessed was an "assault firearm."

■ To carry out this mandate, it is appropriate first to review the Court's opinion in *Johnson.* The issue in *Johnson* was whether a defendant is entitled to a jury finding on the issue of whether an offense is a "violent crime" within the intent of the pre–2001 version of the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2,[1] which finding mandated that the defendant serve 85% of the sentence without parole eligibility. In concluding that NERA should be construed to require a jury to make this finding under the "beyond a reasonable doubt" standard, the Court stated:

> Concededly, a NERA sentence does not impose an increased maximum prison sentence beyond that otherwise available under the Criminal Code. However, "we have always recognized that real time is the realistic and practical measure of the punishment imposed."
>
> [166 *N.J.* at 541, 766 *A.*2d 1126 (citations omitted).]

Our first opinion concluded that this rationale is equally applicable to the requirement of the assault firearms statute that a person who commits an offense specified by this statute with an

---

[1] In 2001, NERA was amended to specifically enumerate the first and second-degree offenses to which it applies. *L.* 2001, *c.* 129. Consequently, the requirement of *Johnson* that a jury make the factual finding whether an offense is a "violent crime" before imposition of a NERA parole ineligibility period does not apply to offenses committed after the June 29, 2001 effective date of this amendment.

assault firearm must serve 100% of the maximum term for the offense without eligibility for parole:

> Similar to NERA, the assault firearms statute mandates the imposition of a period of parole ineligibility that inevitably will result in a defendant serving greater real time than otherwise could be imposed. Possession of a weapon for an unlawful purpose is a second degree offense, *N.J.S.A.* 2C:39–4a, for which the sentencing range is five to ten years, *N.J.S.A.* 2C:43–6a(2), with a five year maximum period of parole ineligibility, *N.J.S.A.* 2C:43–6b. Because defendant is a first offender, he probably would have been sentenced to no longer than a seven year term of imprisonment with three years of parole ineligibility, were it not for the court's finding that the offense was committed with an "assault rifle." As a result, the factual finding that the weapon was an "assault rifle" resulted in the imposition of substantial additional real time upon defendant. Therefore, we conclude that, as in *Johnson* and *Stanton,* defendant was entitled to have this finding made by a jury under the beyond a reasonable doubt standard of proof.
> [343 *N.J.Super.* at 550–51, 779 *A.*2d 429.]

On this remand, the question is whether the Supreme Court's opinion in *Stanton* now requires a different conclusion. The issue in *Stanton* was whether a defendant charged with second-degree vehicular homicide is entitled to have a jury find whether he was "intoxicated" at the time of the offense, which finding mandates that the defendant serve a parole ineligibility period "fixed at, or between one-third and one-half of the sentence imposed by the court or three years, whichever is greater ... *N.J.S.A.* 2C:11–5b(1)." 176 *N.J.* at 78–79, 820 *A.*2d 637. Relying on the Supreme Court of the United States' recent decision in *Harris v. United States,* 536 *U.S.* 545, 122 *S.Ct.* 2406, 153 *L. Ed.*2d 524 (2002), the Court held that a defendant is not entitled to have a jury determine the issue of intoxication because "intoxication [is] not an element of vehicular homicide" and a finding that defendant was intoxicated "does not increase the penalty for vehicular homicide beyond the statutory maximum prescribed for that offense." 176 *N.J.* at 96–97, 820 *A.*2d 637. However, the Court did not indicate it would reach the same conclusion regarding the predicate finding that an offense is a "violent crime," requiring imposition of an 85% parole ineligibility period under the pre–2001 version of NERA, which *Johnson* had held must be made by a jury. Instead, the Court simply noted that "[t]he reference in *Johnson* to the fact that a term of parole ineligibility is the 'real time' was intended

... merely to strengthen the constitutional doubt holding by demonstrating the difference between an eighty-five percent NERA term and other parole disqualifiers that are generally capped at fifty percent of the base term." *Id.* at 90, 820 *A*.2d 637.

■ As suggested by this comment in *Stanton,* there is a significant distinction between the mandatory parole ineligibility provision involved in *Stanton* and both the 85% parole ineligibility period mandated by NERA and the 100% parole ineligibility period mandated by the assault firearms statute. A trial court has authority, "[a]s part of a sentence for any crime," to impose a parole ineligibility period "not to exceed one-half" of the base term of imprisonment if it is "clearly convinced that the aggravating [sentencing] factors substantially outweigh the mitigating factors[.]" *N.J.S.A.* 2C:43–6(b). The mandatory parole ineligibility provision involved in *Stanton* states that if a person convicted of second-degree vehicular homicide is found to have been intoxicated, the court is required to impose a parole ineligibility period, which "shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater[.]" *N.J.S.A.* 2C:11–5b(1). Thus, this mandatory parole ineligibility period does not exceed the up to five-year parole ineligibility period that a trial court could impose for second-degree vehicular homicide, even if the defendant was not found to have been intoxicated. Consequently, a finding of intoxication, which *Stanton* holds may be made by the trial court, "does not increase the penalty for vehicular homicide beyond the statutory maximum prescribed for that offense." 176 *N.J.* at 97, 820 *A*.2d 637.

■ In contrast, a finding that an offense is a "violent crime," which mandates an 85% parole ineligibility period under the pre–2001 version of NERA, or that a defendant possessed an "assault firearm" with the intent to use it against the person of another, which mandates a 100% parole ineligibility period under the assault firearms statute, substantially increases the maximum sentence the trial court could have imposed in the absence of such

a finding. Although neither NERA nor the assault firearms statute increase the base terms for the offenses to which they apply, these statutes mandate imposition of parole ineligibility periods which greatly exceed the periods a trial court could impose under *N.J.S.A.* 2C:43–6(b). Moreover, an 85% or 100% parole ineligibility period inevitably results in a defendant serving more "real time" than would be served under even the maximum flat base term. *See Johnson, supra,* 166 *N.J.* at 541–42, 766 *A.*2d 1126. Therefore, unlike in *Stanton,* a finding that the defendant possessed an "assault firearm" in the commission of an offense specified by the assault firearms statute increases the maximum penalty for the offense, and for that reason the finding must be made by a jury under the beyond a reasonable doubt standard.[2]

This conclusion is supported by *Harris,* the decision primarily relied upon in *Stanton. Harris* involved a federal statute that makes it a crime, requiring an additional sentence, to use or possess a firearm during the commission of a drug trafficking or violent crime. 18 *U.S.C.A.* § 924(c)(1)(A). The statute provides that any person found guilty of this firearms offense shall

---

[2] We note that the requirement of imposition of a 100% parole ineligibility period upon a person convicted of a specified offense committed with an assault firearm does not apply to first-degree offenses. The parole ineligibility periods mandated by the assault firearms statute are ten years for second-degree offenses, five years for third-degree offenses and eighteen months for fourth-degree offenses. *N.J.S.A.* 2C:43–6(g). Since these mandatory parole ineligibility periods are also the maximum base terms for second, third and fourth-degree offenses, the assault firearms statute requires imposition of a 100% parole ineligibility period for the second, third and fourth-degree offenses to which it applies. However, the mandatory parole ineligibility period for a first-degree offense under the assault firearms statute is ten years, *N.J.S.A.* 2C:43–6(g), which is only half the maximum base term of twenty years established for most first-degree offenses. *N .J.S.A.* 2C:43–6(a)(1). Thus, a trial court could impose the same ten-year parole ineligibility period for a first-degree offense under *N.J.S.A.* 2C:43–6(b) without finding that an assault firearm had been used in its commission. For that reason, the conclusion of this opinion that the factual predicates for imposition of a 100% period of parole ineligibility under the assault firearms statute must be found by a jury does not apply to first-degree offenses. Instead, sentencing for first-degree offenses committed with an assault firearm would appear to be governed by the reasoning in *Stanton.*

(i) be sentenced to a term of imprisonment of not less than 5 years; [but]

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years;

[*Ibid.*] [3]

This statute does not provide for imposition of any parole ineligibility period.

The question posed in *Harris* was whether a finding that the offender "brandished" the firearm had to be made by a jury. In concluding that "brandishing" a firearm is simply a sentencing factor that can be found by the trial court, the Court stated:

Section 924(c)(1)(A) does not authorize the judge to impose "steeply higher penalties"—or higher penalties at all—once the facts in question are found. Since the subsections alter only the minimum, the judge may impose a sentence well in excess of seven years, whether or not the defendant brandished the firearm. [536 *U.S.* at 554, 122 *S.Ct.* at 2413, 153 *L.Ed.*2d at 536.]

This case would be similar to *Harris* if the assault firearms statute provided that a defendant convicted of a specified second degree offense who possessed an assault firearm must be sentenced to a base term of at least seven years, without mandating any parole ineligibility period. In that event, the assault firearms statute would not require the trial court to impose a heavier sentence than it could have imposed even if the defendant was not found to have possessed an assault firearm. However, the assault firearms statute does not simply mandate a minimum base term in excess of what the trial court otherwise could have imposed. It requires that entire term to be served without eligibility for parole, a consequence that was not involved in *Harris*. Therefore, a finding that an assault firearm was possessed in the commission of a specified second-degree offense does not, as in *Harris*, result in a sentence within the range authorized by the jury's verdict, which would be a maximum of ten-years, with five years of parole ineligibility, but rather a ten-year parole ineligibility period, which is double the parole ineligibility period that otherwise could be

---

[3] The statute also requires a sentencing judge to impose a sentence of not less than ten years if the firearm is discharged. 18 *U.S.C A.* § 924(c)(1)(A)(iii). This subsection was not directly involved in *Harris*.

imposed. This is the kind of "steeply higher penalt[y]" that *Harris* indicates can be imposed only if a jury makes the required predicate factual finding.

Our conclusion that a jury must make the factual findings required for imposition of a mandatory 100% parole ineligibility period under the assault firearms statute is also supported by our Supreme Court's recent affirmance of this court's decision in *Natale*. *State v. Natale*, 348 *N.J.Super.* 625, 792 *A.*2d 565 (App. Div.2002), *aff'd o.b.*, 178 *N.J.* 51, 834 *A.*2d 1024 (2003). *Natale* involved a complex question as to whether a jury verdict finding the defendant guilty of third-degree aggravated assault, in violation of *N.J.S.A.* 2C:12–1b(2) (causing or attempt to cause bodily injury with a deadly weapon), reflected a jury finding that the defendant had "used or threatened the use of a deadly weapon"— the predicate fact upon which the trial court had sentenced defendant to an 85% parole ineligibility period under NERA—in the commission of a second-degree aggravated assault, in violation of *N.J.S.A.* 2C:12–1b(1). The court concluded that the jury verdict for the third-degree offense did not, under the unusual facts of that case, reflect the jury finding of "use or threatened use of a deadly weapon" required to impose a NERA parole ineligibility period for the second-degree offense. 348 *N.J.Super.* at 628–35, 792 *A.*2d 565.

The significant point about *Natale* relevant to this appeal is that the underlying premise of the court's entire opinion—indeed, the only reason the court even had to consider whether the guilty verdict on the third-degree offense reflected the jury finding required to impose a NERA parole ineligibility term for the second-degree offense—was that under *Johnson* "the NERA sentence enhancement factor element applicable to a particular first or second-degree conviction must be found by [a] jury beyond a reasonable doubt." *Id.* at 629, 792 *A.*2d 565. Therefore, the summary affirmance in *Natale* indicates that the Court adheres to its conclusion in *Johnson* that a jury must find any predicate fact required for imposition of an 85% parole ineligibility period under

the pre–2001 version of NERA. For the reasons set forth earlier in the opinion, the reasoning underlying this conclusion is equally applicable to the 100% parole ineligibility period mandated by the assault firearms statute.

Accordingly, we reaffirm our original decision vacating the judgment of conviction and plea, reinstating the indictment and remanding the case to the trial court for further proceedings in conformity with our opinions. *See* 343 *N.J.Super.* at 551, 779 *A.*2d 429.