130 N.J. Super. 552 (1974)
328 A.2d 17
MARK RADAY, BY HIS GUARDIAN AD LITEM, DELORES ABRUZZESE, AND DELORES ABRUZZESE, INDIVIDUALLY, PLAINTIFFS,
v.
BOARD OF EDUCATION OF THE BOROUGH OF MANVILLE AND JOSEPH BLAIR, DEFENDANTS, AND JOSEPH BLAIR, DEFENDANT, THIRD PARTY PLAINTIFF-RESPONDENT,
v.
GLENS FALLS INSURANCE COMPANY, THIRD PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1974.
Decided October 30, 1974.
*553 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. William J. Gannon argued the cause for appellant (Mr. Edward V. Ryan, attorney).
Mr. Michael S. Feldman argued the cause for respondent (Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo, attorneys).
The opinion of the court was delivered by LEONARD, P.J.A.D.
Plaintiffs filed a complaint alleging that defendant Blair (defendant) committed an unprovoked assault and battery upon infant plaintiff Mark Raday by punching him in the face in the hallway of the school wherein both were enrolled as students. (Defendant board of education is not involved in this appeal).
Appellant Glens Falls Insurance Company (Glens Falls), with which company defendant's parents had a homeowners *554 insurance policy, upon receipt of the above complaint and accompanying summons, refused coverage and also refused to defend said suit. Thereupon defendant, through his own counsel, filed an answer to the complaint denying the allegations thereof and asserting the separate defenses of self-defense and provocation.
At or about the same time defendant filed a third-party complaint against Glens Falls seeking damages for all sums that might be adjudged against him in favor of plaintiff Mark Raday in the tort action, plus legal fees expended by him in defense of it. Glens Falls, in its answer, admitted the existence of the policy but disclaimed coverage and refused to defend the original action.
Thereafter, the tort action was tried with a six-man jury and a unanimous verdict of no cause of action was returned. Subsequently, however, the judge, "in the interest of justice," ordered a new trial. Approximately seven weeks thereafter defendant moved for a "declaratory judgment" requiring Glens Falls to pay his legal fees, costs and expenses "to date and in the future" incurred in the original action, and further authorizing him to have his private counsel continue to represent him therein. Following oral argument and a hearing to settle the form thereof, the order was entered May 15, 1974 granting defendant the relief he sought and fixing counsel fees and disbursements to date in the amounts of $3,675 and $4,065 respectively. Glens Falls, with leave first granted, appeals therefrom.
At the outset it is to be noted that the controverted order applies only to Glens Falls' obligation to pay defendant the legal fees and costs incurred by him in defending the main action in the past and in the future. We are not now specifically concerned with the ultimate issue of coverage or the obligation of Glens Falls to pay a judgment against defendant if one is entered. As a matter of fact, the trial judge refused to rule on that issue, declaring that it was not included in the motion before him.
*555 Nevertheless, Glens Falls contends that it is obligated to defend an action only when the complaint filed therein alleges a basis of liability within the covenant to pay. It asserts that because the claim presented in the instant case is one for assault and battery  an intentional tort  which is excluded from coverage by the terms of the policy, the company was not obligated to provide a defense for defendant in the main action nor responsible for fees expended by him in providing his own defense.
Defendant first maintains that the exclusionary clause of the policy which denies coverage for "bodily injury * * * which is either expected or intended from the standpoint of the insured" is vague at best and therefore the policy should be construed to sustain coverage in accordance with his expectations as a purchaser thereof. He also maintains that in no event does that clause bar coverage in the main action. He argues that since, in that action, he has raised the defense of self-defense, he could demonstrate that in physically defending himself he did not commit a willful or intentional injury but that any such injury was only the unintended result of his conduct in defense of himself or the result of his negligence. See Lyons v. Hartford Ins. Group, 125 N.J. Super. 239, 245-247 (App. Div. 1973), certif. den. 64 N.J. 322 (1974).
As previously noted, the only issue involved in defendant's motion for a declaratory judgment was Glens Falls' obligation to defend him in the main action. Generally, a carrier is obligated to defend this type of an action whenever the complaint alleges a basis of liability within the covenant to pay. However, when that duty to pay cannot be resolved by the trial of the third party's action against the insured, the duty to defend may depend upon the actual facts and not upon the allegations in the complaint. Burd v. Sussex Ins. Co., 56 N.J. 383, 388 (1970). Here, since the issue before the trial court involved the policy exclusion of an alleged intentional injury, the problem could not be *556 resolved by a simple inspection of the complaint but was dependent upon the "actual facts."
As the court said in Burd, supra:
* * * The exclusion of intentional injury is somewhat unique with respect to the problem of coverage. The usual coverage issue depends upon status, time, place, identity of the instrumentality, and the like. But in the case of the exclusion of intentional injuries, the injuries, which otherwise are within the coverage, are excepted therefrom because of a state of mind, and indeed a state of mind which the injured claimant may but need not allege or prove, to prevail against the insured. Since a claimant who charges intentional injury may thus recover even though the intent to injure is not proved, his complaint, on its face, is simultaneously within both the basic covenant to pay and the intentional injury exclusion from that coverage. [at 393]
Defendant, in support of his motion for a summary judgment, did not offer affidavits, answers to interrogatories, depositions, admissions or any other competent proof of any material facts. See R. 4:46-2. Likewise, Glens Falls filed no such proofs. The existence of such facts cannot be established by oral argument of counsel or briefs filed with the court, neither of which are verified. P. & J. Auto Body v. Miller, 72 N.J. Super. 207, 211 (App. Div. 1962). Neither party presented a transcript of the testimony of the trial of the tort action.
Where, as here, the subjective element of the willfulness or intent of the party moving for summary judgment is material to the claim or defense of the party opposing the motion, a conclusion from pleadings alone that palpably there exists no genuine issue of material fact, will ordinarily be very difficult to sustain. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 76 (1954).
Based upon the above, we find that the trial court erroneously entered the summary declaratory judgment. Accordingly, we reverse and vacate that judgment and remand the matter to the trial court for a plenary hearing.
Presently, both defendant and Glens Falls are in agreement that private counsel should continue to represent defendant *557 in the tort suit. Thus, the only controverted issue now involved is reimbursement of counsel fees and expenses incurred as a result of that representation. In view of this, we conclude that the remand hearing shall not be had until after the retrial of the tort action. See Burd v. Sussex Mutual Ins. Co., supra at 391. By reason of this schedule a transcript of the testimony in the first trial will be available to the parties at the remand hearing. This transcript shall be prepared and secured at the expense of Glens Falls. Likewise, we suggest that the judge who tries that action shall submit to the jury written interrogatories upon all pertinent issues, including self-defense. R. 4:39-2. Thus, the parties hereto will be aware of the basis of the verdict found therein.
If the verdict in the tort action is in favor of defendant, then there need only be determined the issue of reimbursement for legal fees and expenses. However, if the verdict is against him, then expediency and justice would require that the court at the remand hearing shall determine not only the reimbursement issue, but also the further issue of coverage under the policy, i.e., the duty to pay. Additional proofs, testimonial or otherwise, should be received at the remand hearing to the extent necessary to resolve such remaining issues as may not have been determined in the tort action.
Reversed and remanded for a plenary hearing in accordance herewith. We do not retain jurisdiction.