**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1530-24

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DEMETRIA T. JOHNSON-
TRAMMELL,

    Defendant-Respondent.

_____

Submitted July 15, 2025 – Decided July 22, 2025

Before Judges Gilson and Gummer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 21-07-0572.

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for appellant (James E. Moore, Assistant Prosecutor, on the brief).

Neil Law, LLC, attorneys for respondent, have not filed a brief.

PER CURIAM

Over three years ago, defendant Demetria Johnson-Trammell pled guilty to second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:12-1(b)(1). In the plea agreement, the State agreed that defendant would be sentenced in the third-degree range and that it would recommend a sentence of five years in prison with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant reserved her right to argue for a lower sentence.

Defendant has twice been sentenced to probation contrary to the plea agreement. We have reviewed defendant's sentence in two prior appeals. In our most recent decision, we vacated defendant's probationary sentence and remanded for re-sentencing. State v. Johnson-Trammell (Trammell II), No. A-3506-22 (App. Div. Dec. 6, 2023).

Following our most recent remand, defendant moved to withdraw her guilty plea, and the trial court granted the motion. The State now appeals from the October 16, 2024 order granting defendant's motion. Because the record does not establish any of the factors necessary to withdraw a guilty plea, we reverse and vacate the October 16, 2024 order. We remand with direction that the trial court sentence defendant in accordance with her plea agreement.

2

I.

In 2020, defendant, three other adults, and two juveniles chased, tripped, and assaulted a victim. As the victim lay on the ground, defendant kicked and punched the victim. A co-defendant then shocked the victim with a taser. Ultimately, defendant and the other attackers left the victim lying on the ground, unconscious, and bleeding.

Defendant was indicted for nine crimes, including first-degree robbery, N.J.S.A. 2C:15-1(a)(1); first-degree employing juveniles in a crime, N.J.S.A. 2C:24-9(a); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree conspiracy to commit aggravated assault; and weapons offenses.

In May 2022, defendant pled guilty to second-degree conspiracy to commit aggravated assault. As already noted, the State agreed that defendant would be sentenced in the range for a third-degree crime and that it would recommend a sentence of five years in prison subject to NERA. The plea agreement also stated that defendant could argue for a "lower sentence over [the] State's objection."

At her plea hearing, defendant repeatedly acknowledged that she understood that the State would seek to have her sentenced to five years in prison with eighty-five percent of that time ineligible for parole. That recommended

sentence was also set forth in defendant's plea forms, which defendant acknowledged, under oath, she had reviewed and understood. Moreover, defendant signed a "Supplemental Plea Form For No Early Release Act (NERA) Cases (N.J.S.A. 2C:43-7.2)" and certified that she understood that she would "be required to serve [eighty-five percent] of the sentence imposed for that offense[] before [she] [would] be eligible for parole on the offense[]."

Before accepting defendant's guilty plea, the trial court confirmed that defendant had reviewed the plea forms with her attorney, she understood all the questions on the forms, and she had answered each question truthfully. The plea forms also reflected that defendant initialed all but one page of the forms and signed the plea forms.

In pleading guilty, defendant testified that she conspired with three other adults and two juveniles to assault the victim. She explained that all the attackers had traveled from Millville to Woodbine to help defendant fight the victim. Defendant also acknowledged that when the attackers approached the victim, the victim ran away, she and some of the attackers ran after the victim, tripped the victim, and attacked the victim. In that regard, defendant testified:

> Q. And [your brother], he caught up with [the victim] and tripped her, right?
>
> A. Yes.

Q.   And this allowed you, M.P., and D.T. to attack the victim, right?

A.   Yes.

Q.   You kicked and punched [the victim]?

A.   Yes.

Q.   M.P. used a taser against her?

A.   Yes.

Q.   And D.T. kicked her?

A.   Yes.

Q.   And [the] victim was bloody and unconscious?

A.   Yes.

Q.   And you left the victim unconscious?

A.   Yes.

Q.   You agree the victim, she would have suffered permanent injury and substantial risk of death?

A.   Yes.

Q.   You agree that you attempted to cause such injuries by yours and everyone else's actions?

A.   Yes.

Q.   And it was your purpose to run after the victim and to commit the aggravated assault against her?

5

A.    Yes.

On November 28, 2022, defendant was sentenced to five years of probation with conditions.  The State appealed, and we remanded, directing "the trial court to provide a detailed statement of reasons for the court's finding that defendant rebutted the presumption of imprisonment, and to amend the judgment of conviction accordingly.  N.J.S.A. 2C:44-1(d)."  State v. Johnson-Trammell (Trammell I), No. A-1081-22 (App. Div. June 5, 2023) (slip op. at 1).[1]

On July 11, 2023, following our first remand, the trial court resentenced defendant and imposed the same sentence of five years of probation with conditions.  The State again appealed, and we reversed, vacated defendant's sentence, and remanded for re-sentencing.  Trammell II, slip op. at 3.

In our decision in Trammell II, we pointed out that the well-established law required a showing of "extraordinary circumstances" to justify overcoming the presumption of incarceration for a conviction of a first- or second-degree offense.  Id. at 2. We thus determined that the trial court's finding that defendant had overcome the presumption of incarceration was not supported by the

---

[1]  The appeals in Trammell I and Trammell II were both heard on our sentencing only calendars.

evidence or the law. Id. at 2-3. In that regard, we concluded: "To the contrary, defendant's circumstances, as reflected in the record, have been found insufficient to overcome the presumption of incarceration under N.J.S.A. 2C:44-1(d)." Id. at 2.

Following our second remand, defendant moved to withdraw her guilty plea. The record on this appeal does not include any certification or affidavit from defendant supporting her motion.[2] Instead, defendant retained a different lawyer than the lawyer who had represented her when she pled guilty. That new lawyer submitted a brief in support of the motion. In the brief, the attorney stated: "[T]he only reason why [defendant] pled [was] because she believed she would get probation just as every other defendant in the case received."

The trial court heard argument on the motion to withdraw on October 16, 2024. At argument, defendant's attorney essentially contended that defendant had not understood that she would be sentenced subject to NERA, which required a period of parole ineligibility. In that regard, defense counsel stated:

> So in essence, my client was not of the understanding that she could be sentenced in the third-degree range to [NERA] because all she pled to [was] the second-degree [NERA]. So that's the reason why

---

[2] In response to our inquiry, the State represented that the record before the trial court on the motion to withdraw the guilty plea did not include a certification or affidavit from defendant. Defendant has not disputed that representation.

A-1530-24

we filed the application to withdraw . . . my client's plea.

. . . .

So what my client and what I'm arguing is that my client is innocent of the second-degree offense, and that's what my client pled to, and that carries the [NERA].

. . . .

It's the difference between a three flat or a four flat or a three [NERA] and a four [NERA], especially when my client [has] children . . . .

The trial court explained its reasons for granting the motion on the record. Based on the statements of defendant's new counsel, the trial court determined that defendant had made an adequate showing under State v. Slater to withdraw her guilty plea. 198 N.J. 145, 157-58 (2009). In doing so, the court found that defendant had not established the first or third factors of Slater but had established the second and fourth factors. The trial court then reasoned that, on balance, the factors supported allowing defendant to withdraw her guilty plea. The trial court memorialized its ruling in an order issued on October 16, 2024.

The State moved for leave to appeal the order allowing defendant to withdraw her guilty plea. Defendant did not oppose that motion, and we granted

the State leave. We also directed the parties to submit additional briefs if they chose. Defendant did not submit any brief on this appeal.

II.

On this third appeal, the State argues: "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANT'S MOTION TO WITHDRAW HER GUILTY PLEA." Having reviewed the record and law, we conclude that the trial court abused its discretion by granting defendant's motion because there is no evidence supporting any of the Slater factors.

Motions to withdraw guilty pleas after sentencing are subject to the manifest-injustice standard. State v. Munroe, 210 N.J. 429, 441 (2012) (citing R. 3:21-1); Slater, 198 N.J. at 156 (citing R. 3:21-1). Courts evaluate four factors in assessing whether a defendant has demonstrated a valid basis for withdrawing a guilty plea. Slater, 198 N.J. at 157-58. Those factors are (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to the defendant. Ibid.

Appellate courts use an abuse-of-discretion standard to review a trial court's ruling on a motion to withdraw a guilty plea. State v. Tate, 220 N.J. 393,

404 (2015) (citing State v. Lipa, 219 N.J. 323, 332 (2014)); State v. Williams, 458 N.J. Super. 274, 280 (App. Div. 2019). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Williams, 458 N.J. Super. at 280 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

In her motion to withdraw her guilty plea, defendant did not establish any of the Slater factors. First, defendant did not make a colorable claim of innocence. Indeed, defendant submitted no certification or affidavit that she was innocent. Moreover, even her attorney did not claim that defendant was innocent. Instead, her attorney argued, without any factual support, that defendant was innocent of committing a second-degree offense. That unsupported claim is rebutted by defendant's sworn testimony at her plea hearing. When defendant pled guilty, she expressly acknowledged that she had conspired with others to physically assault the victim and that she had intended to cause the victim to suffer permanent injury or injuries that involved a substantial risk of death.

Second, defendant did not submit any evidence that she had a strong reason for withdrawing her guilty plea. We again emphasize that defendant did

not submit a certification or affidavit. Instead, the record contains only the arguments of her new counsel, which are not evidence. See Raday v. Bd. of Educ. of Manville, 130 N.J. Super. 552, 556 (App. Div. 1974) (explaining that material facts "cannot be established by oral argument of counsel or briefs filed with the court, neither of which are verified"). Just as importantly, her new attorney's suggestion that her original trial counsel told her that she would only receive probation is rebutted by defendant's testimony given at her plea hearing. Before pleading guilty, defendant repeatedly acknowledged that she understood that the State was going to recommend a sentence of five years in prison subject to NERA. Any argument that she thought she would be subject only to a probationary sentence or a sentence without parole ineligibility is rebutted by defendant's own testimony at the plea hearing.

Furthermore, the trial court's finding that defendant had strong reasons for withdrawing her guilty plea is not supported by any evidence in the record. Instead, the trial court appeared to have accepted the arguments of defendant's new counsel. That acceptance was an abuse of discretion because the arguments of counsel are not evidence. See State v. Feaster, 156 N.J. 1, 65 (1998) (pointing out that a trial court's instruction, which stated "[a]rguments, statements, remarks, openings and summations of counsel are not evidence in the case and

may not be treated as evidence," was proper); Model Jury Charges (Criminal), "Instructions After Jury is Sworn" (rev. Sept. 1, 2022) (explaining attorney's opening and closing arguments are "not evidence but their recollection as to the evidence").

Third, the record in this matter establishes that there was a plea bargain, which was memorialized in written plea forms. As already summarized, the plea forms expressly identified that defendant would be subject to a potential sentence of five years in prison subject to NERA. While defendant reserved her right to argue for a lower sentence, any sentence would still be subject to NERA because defendant pled guilty to second-degree conspiracy to commit aggravated assault. State v. Natale, 348 N.J. Super. 625, 632 (App. Div. 2002) (stating that "a NERA sentence enhancement can apply only to a first or second-degree crime" (citing State v. Parolin, 339 N.J. Super. 10, 20-21 (App. Div. 2001))); N.J.S.A. 2C:43-7.2(d)(4) (stating that a court must impose a NERA sentencing enhancement for first- or second-degree aggravated assault, or for "an attempt or conspiracy to commit" that offense).

Finally, defendant made no showing that the withdrawal of her guilty plea would not result in unfair prejudice to the State. The trial court appeared to have been persuaded by defendant's arguments that two of her co-defendants either

entered the pretrial intervention program or were sentenced to probation. Those dispositions do not establish that the State would not be prejudiced by defendant withdrawing her guilty plea. Indeed, those dispositions, together with the passage of time, would probably make it harder for the State to now prosecute defendant. We also note that one of the co-defendants has died and is now unable to testify. More to the point, the record establishes that there is nothing in defendant's plea agreement that conditioned her plea or her sentence on what happened to the other co-defendants.

In summary, the trial court's findings that defendant established the second and fourth factors of Slater are not supported by any credible evidence. Therefore, we reverse and vacate the October 16, 2024 order granting defendant's motion to withdraw her guilty plea.

We remand this matter and direct the trial court to reinstate defendant's guilty plea to second-degree conspiracy to commit aggravated assault. In Trammell II, we remanded with a clear direction that defendant was to be re-sentenced. Our supporting order made clear that that re-sentencing should include a prison sentence. To avoid any possible confusion, we direct that on remand, defendant is to be sentenced consistently with the plea agreement to a term of imprisonment subject to NERA. That sentence can be in the third-degree

13

range, which is three to five years.  <u>See</u> N.J.S.A. 2C:43-6(a)(3).  We also direct that the re-sentencing is to be conducted by a different judge than the judge who sentenced defendant in 2022 and 2023, and who heard the motion to withdraw the guilty plea.

Reversed, vacated, and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division