**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0453-24

HIGHTIDE BRIELLE, LLC,

     Plaintiff-Respondent,

v.

BOROUGH OF BRIELLE,
BOROUGH COUNCIL OF
BRIELLE, and BRIELLE
PLANNING BOARD,

     Defendants.

_____

PRESERVING OUR TOWN,
a New Jersey Nonprofit
Corporation,

     Appellant.

_____

Submitted July 15, 2025 – Decided July 23, 2025

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1844-24.

Connell Foley LLP, attorneys for appellant (Brendan Judge, of counsel and on the briefs).

Giordano, Halleran & Ciesla, PC, attorneys for respondent (John A. Sarto and Steven W. Ward, of counsel and on the brief).

PER CURIAM

Preserving Our Town (POT), a New Jersey nonprofit corporation, moved to intervene in this builder's-remedy action. The trial court denied the motion, finding POT had not satisfied the timeliness nor inadequate-representation requirements for intervention as of right under Rule 4:33-1. Perceiving no error in that decision, we affirm.

We begin this opinion by recalling the constitutional issues that underlie it. "Municipalities have constitutional obligations to provide for their fair share of the regional need for affordable housing." In re Borough of Englewood Cliffs, 473 N.J. Super. 189, 196 (App. Div. 2022) (citing In re Adoption of N.J.A.C. 5:96 & 5:97 ex rel. N.J. Council on Affordable Hous. (Mount Laurel IV), 221 N.J. 1 (2015); the Fair Housing Act, N.J.S.A. 52:27D-301 to -329.4); see also S. Burlington Cnty. N.A.A.C.P. v. Mount Laurel Twp. (Mount Laurel I), 67 N.J. 151, 174 (1975) (holding municipalities are constitutionally required to provide a realistic opportunity for the development of low- and moderate-income housing); S. Burlington Cnty. N.A.A.C.P. v. Mount Laurel Twp. (Mount

A-0453-24

Laurel II), 92 N.J. 158, 279-81 (1983) (reaffirming Mount Laurel I and providing real-estate developers with recourse, based on a municipal failure to comply with the Mount Laurel doctrine, to challenge the denial of their affordable housing plans that violated municipal zoning codes).

"Under the Mount Laurel doctrine, 'municipalities have a constitutional obligation to use their zoning power in a manner that creates a realistic opportunity for the construction of [their] fair share of the region's low[-] and moderate-income housing.'" Musconetcong Watershed Ass'n v. N.J. Dep't of Env't Prot., 476 N.J. Super. 465, 472 n.1 (App. Div. 2023) (alteration in original) (quoting In re Declaratory Judgment Actions Filed by Various Muns., 227 N.J. 508, 514 (2017)) (internal quotation marks omitted). "A builder's remedy provides a developer with the means to bring 'about ordinance compliance through litigation.'" Englewood Cliffs, 473 N.J. Super. at 197 n.1 (quoting In re Twp. of Bordentown, 471 N.J. Super. 196, 221 (2022)) (internal quotation marks omitted).

I.

On June 4, 2024, plaintiff Hightide Brielle, LLC, filed a complaint against defendants Borough of Brielle, Borough Council of Brielle, and Brielle Planning Board. In the complaint, plaintiff describes itself as the "contract purchaser" of

A-0453-24

property located at 403 and 417 Higgins Avenue in Brielle, designated as Block 77.01, Lots 5 and 4, on the Borough's tax map (the Property). According to plaintiff, Lot 5 consists of 1.32 acres and contains a bar and restaurant, Lot 4 consists of .34 of an acre and is vacant, and both lots are located within Brielle's C-1 Central Commercial Zoning District, in which residential uses are not permitted.

Plaintiff alleges that on May 3, 2024, it submitted to the Borough "an inclusionary development proposal . . . seeking approval of 101 units with 16 units, fifteen percent (15%), set-aside for occupancy by low- and moderate-income individuals and families." According to plaintiff, during a May 16, 2024 meeting between plaintiff's principals and the Borough's business administrator and mayor, plaintiff was directed to file an application with the Planning Board for a use variance and site-plan approval of plaintiff's proposal. Plaintiff contends it requested a response from the Borough regarding rezoning the Property "to permit an inclusionary residential development" and was told it would receive a response before the end of May. Because it did not receive that response, plaintiff filed this lawsuit.

Plaintiff alleges defendants violated the New Jersey Constitution by failing "to create sufficient realistic opportunities for the construction of safe,

decent affordable housing for low- and moderate-income households" and "to provide their fair share of the housing region's need for such housing" pursuant to Mount Laurel I and its progeny. Plaintiff specifically faults defendant for failing to "implement zoning ordinances to create a realistic opportunity for its fair share of affordable housing or otherwise comply with its constitutional obligation under the Mount Laurel [d]octrine . . . ." Plaintiff seeks, among other things, "a site-specific 'builder's remedy,' namely the right to construct its proposed development . . . ."

On September 10, 2024, POT moved to intervene pursuant to Rule 4:33-1 and Rule 4:33-2. At oral argument, POT's counsel described POT as a non-profit corporation "comprised of some owners of residential property in the neighborhood adjacent to the site that is the subject of this . . . lawsuit." Plaintiff opposed the motion. Defendants had not yet filed an appearance in the case and did not participate in the motion.

After hearing argument, the trial court denied the motion in a decision it placed on the record and order it entered on September 27, 2024. The court found the record contained no indication the Borough had filed a declaratory-judgment action that would have given it temporary immunity from a builder's-remedy lawsuit under Mount Laurel IV. The court held given that lack of

immunity, the court had to follow a two-step process, the first step being "a determination . . . as to whether the municipality is constitutionally compliant with its obligation . . . to provide an opportunity for the development of affordable housing." The court held the intervention motion was premature because the court had not yet determined whether the Borough was constitutionally compliant. The court also found POT, purportedly made up of owners of property in the adjacent neighborhood, had not established the existing parties were unable to adequately represent its interests. Accordingly, the court held POT had not established it had a right to intervene under Rule 4:33-1. The court also declined to grant permissive intervention under Rule 4:33-2.[1] The court denied the motion without prejudice and stated POT could file another intervention motion "down the line."

This appeal followed. See R. 2:2-3(b)(10) (order denying motion for intervention under R. 4:33-1 is appealable as of right). POT argues, among other things, the court erred in finding its motion was premature and that it had not established its interest is distinguishable from the Borough's interest. Unpersuaded by those arguments, we affirm.

---

[1] In its merits brief, POT states it is not appealing the court's denial of permissive intervention under Rule 4:33-2. Accordingly, we do not address that issue.

II.

We review de novo a trial court's interpretation of the law, including its interpretation of court rules. N.J. Dep't of Env't Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 285 (App. Div. 2018). Rule 4:33-1 governs the right to intervene in a lawsuit. Id. at 286. Pursuant to our de novo review, we agree with the interpretation and application of that rule in this case by the trial judge, the Honorable Linda Grasso Jones.

To establish a right to intervene under Rule 4:33-1, a moving party must:

> (1) claim an interest relating to the property or transaction which is the subject of the transaction, (2) show [that the movant] is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, (3) demonstrate that the [movant's] interest is not adequately represented by existing parties, and (4) make a timely application to intervene.
>
> [Ibid. (alterations in original) (quoting Am. C.L. Union of N.J., Inc. v. Cnty. of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002)) (internal quotation marks omitted).]

Because "the rule is not discretionary, a court must approve an application for intervention as of right if the four criteria are satisfied." Ibid. (quoting Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998)). The trial court expressly denied POT's motion because POT had not established the third and fourth criteria.

A-0453-24

We address first the court's finding POT's motion was premature and, thus, not "timely" under the fourth criteria of Rule 4:33-1. "A builder's remedy should be granted if: (1) the 'developer succeeds in Mount Laurel litigation'; (2) the developer 'proposes a project providing a substantial amount of lower income housing'; and (3) the developer's proposal is not 'contrary to sound land use planning.'" Bordentown, 471 N.J. Super. at 221-22 (footnote omitted) (quoting Mount Laurel II, 92 N.J. at 279-80). "A builder's remedy is only appropriate 'after a [trial] court has had the opportunity to fully address constitutional compliance and has found constitutional compliance wanting.'" Id. at 222 (alteration in original) (quoting Mount Laurel IV, 221 N.J. at 35-36). "Whether a municipality has in place a zoning and planning scheme designed to exclude low[-] and moderate[-]income housing and whether the exclusionary scheme fails to provide a realistic opportunity for construction of such housing are the critical issues to be determined by the trial judge." Rosenshein Assocs. v. Borough of Palisades Park, 304 N.J. Super. 438, 444 (App. Div. 1997), appeal dismissed, 156 N.J. 586 (1998).

We agree with the trial court's conclusion POT's intervention motion was premature. POT's asserted interest in this matter and challenge to the particulars of plaintiff's proposed development do not arise unless and until the

8

trial court determines the Borough is not compliant with its constitutional obligation under the Mount Laurel doctrine to provide its fair share of affordable housing.  Concluding the motion was premature is not, as POT argues, placing "form over substance."  Instead, it is an accurate recognition of the procedural status of the case.

We now turn to the third criteria and the court's finding POT had not provided the court "with information that would say to [the court] that the interests of the interveners are not adequately represented by existing parties." In moving for the right to intervene, "a party must comply with the procedure set out in Rule 4:33-3."  Exxon Mobil, 453 N.J. Super. at 286.  Under Rule 4:33-3, a party moving to intervene "shall file and serve . . . a motion to intervene stating the grounds therefor and accompanied by a pleading setting forth the claim or defense for which intervention is sought . . . ."  That "procedure is 'mandatory.'"  Exxon Mobil, 453 N.J. Super. at 287 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:33-3 (2018)).  The parties did not include in their joint appendix a copy of POT's notice of motion or its required proposed pleading.[2]  The only document in the joint appendix

---

[2]  In the appendix plaintiff submitted in support of its motion to expedite the appeal, plaintiff included a copy of POT's notice of motion to intervene.  In that

submitted in support of the motion is a certification by POT's counsel, attaching a copy of a "Concept Plan" purportedly submitted by plaintiff to the Borough as part of its development proposal. The record is devoid of a certification from any one of the residential property owners who purportedly comprise POT or any certification that establishes POT is made up of owners of residential property in the neighborhood adjacent to the Property.

Thus, nothing in the appellate record establishes that POT consists of owners of residential property in the neighborhood adjacent to the Property. See Raday v. Bd. of Educ., 130 N.J. Super. 552, 556 (App Div. 1974) (finding "[t]he existence of . . . facts cannot be established by oral argument of counsel or briefs filed with the court, neither of which are verified"). And we also do not know what POT's purported defenses are to the complaint because the appellate record does not contain a copy of POT's "Answer setting forth its defenses." Nevertheless, for purposes of this appeal, we accept the representation POT made in its merits brief that POT "moved to intervene in the matter pursuant to Rule 4:33 to protect their rights as neighbors of the

_____

notice, POT's counsel indicated POT also was filing "its Answer setting forth its defenses." That proposed pleading was not included in the joint appendix submitted in this appeal or in the appendix submitted in support of the motion to expedite.

A-0453-24

proposed development described in the [c]omplaint, which is grossly inconsistent with sound land use planning."

Based on the record before us, we are satisfied POT's interest is adequately represented by defendants, each of whom have an interest in ensuring, and even an obligation to ensure, developments within the Borough are consistent "with sound land use planning." Indeed, POT concedes "the Borough of Brielle has a general duty to ensure that the site is developed consistently with sound land use planning." And our Supreme Court has recognized the important role planning boards play in the application of sound land use planning in their municipalities. Referencing its determination in Mount Laurel II that "[b]uilder's remedies [would] be afforded to plaintiffs in Mount Laurel litigation where appropriate," the Court explained in Toll Brothers, Inc. v. Township of West Windsor: "Concerned about 'sound land use planning,' we stressed that when formulating a specific builder's remedy, the trial courts should 'make as much use as they can of the planning board's expertise and experience so that the proposed project is suitable for the municipality.'" 173 N.J. 502, 562-63 (2002) (alterations in original) (quoting Mount Laurel II, 92 N.J. at 218, 280). POT's speculative assertion "the Borough of Brielle might not vigorously assert [POT's] objection based on sound land use planning" fails

11

to establish under <u>Rule</u> 4:33-1 that its purported interest is not "adequately represented by existing parties."

Because the trial court correctly concluded POT failed to establish the third and fourth criteria for intervention as of right under <u>Rule</u> 4:33-1, we affirm the September 27, 2024 order denying POT's motion.  POT argues it met the first and second criteria of <u>Rule</u> 4:33-1.  We do not address that argument because, like the trial court, we need not address it given our conclusion POT failed to establish the other two required criteria for intervention as of right under <u>Rule</u> 4:33-1.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0453-24